UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELISSA FAY SMITH,

    Plaintiff,

vs.                                                                       Case No. 13-12503

HOLLY HILLS DEVELOPMENT, LLC,
a Michigan limited liability company,                    HON. AVERN COHN
SHECTER LANDSCAPING, INC., a
Michigan corporation, KENNETH J. SHECTER,
and CITY OF KEEGO HARBOR, a
Municipal Corporation, jointly and
severally,

    Defendants.
_____/

## ORDER DISMISSING COUNTS IV, V and VI

I.

This is a deprivation of rights case. Plaintiff owns residential property in the City of Keego Harbor. Her property adjoins a landscaping development business owned by Holly Hills Development, Shecter Landscaping, Inc. and Kenneth Shecter (the Shecter defendants). Plaintiff alleges that the Shecter defendants have operated the business in violation of Keego Harbor zoning ordinances and have created a nuisance. Plaintiff also alleges that the City of Keego Harbor maliciously prosecuted her after she complained about the Shecter defendants. Finally, plaintiff alleges defendants violated and/or conspired to violate her rights to due process and equal protection. The complaint makes the following claims:

| | |
|---|---|
| Count I | Violation of 42 U.S.C. § 1983 by the City of Keego Harbor |
| Count II | Violation of 42 U.S.C. § 1985(3) by all defendants |
| Count III | Violation of 42 U.S.C. § 1986 by all defendants |
| Count IV | Malicious Prosecution by the City of Keego Harbor |
| Count V | Improper Regulatory Taking/Inverse Condemnation by the City of Keego Harbor |
| Count VI | Nuisance by the Shecter defendants |

II.

Federal district courts have original subject-matter jurisdiction over cases arising under federal law. 28 U.S.C. § 1331.  As such, the Court has subject-matter jurisdiction over Counts I-III.  Count IV, V, and VI are based on state law.  Although the Court has supplemental jurisdiction over these state-laws claim under to 28 U.S.C. § 1367(a),[1] it may decline to exercise supplemental jurisdiction if the state-law claim "substantially predominates over the claim or claims over which the district court has original jurisdiction," or if "there are other compelling reasons for declining jurisdiction." Id. § 1367(c)(2), (c)(4).

Here, plaintiff's state law claims substantially predominate over the federal claims, raise novel and complex issues of state law that would be more appropriately adjudicated by the state court, and will result in the undue confusion of the jury if they remain in the case. See § 1367(c)(1), (2) and (4); Padilla v. City of Saginaw, 867 F.

---

[1] 28 U.S.C. § 1367 provides in relevant part that "the district court shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form a part of the same case or controversy . . . ." 28 U.S.C. § 1367(a).

Supp. 1309, 1315 (E.D. Mich.1994).  Therefore, the Court declines to exercise supplemental jurisdiction over Count IV, V, and VI.  These counts are DISMISSED WITHOUT PREJUDICE.

    SO ORDERED.

                           S/Avern Cohn
                           AVERN COHN
                           UNITED STATES DISTRICT JUDGE

Dated:  August 2, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 2, 2013, by electronic and/or ordinary mail.

                           S/Sakne Chami
                           Case Manager, (313) 234-5160