UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELISSA FAY SMITH,

    Plaintiff,

vs.                                                                                                        Case No. 13-12503

HOLLY HILLS DEVELOPMENT, LLC,                                     HON. AVERN COHN
SHECTER LANDSCAPING, INC.,
KENNETH J. SHECTER, and CITY OF
KEEGO HARBOR,

    Defendants.

_____/

## MEMORANDUM AND ORDER CONDITIONALLY GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE (Doc. 23)

**I.**

This is a deprivation of rights case. Plaintiff owns residential property in the city of Keego Harbor. Her property adjoins a landscaping development business owned by Holly Hills Development, Shecter Landscaping, Inc. and Kenneth Shecter (the Shecter defendants). Plaintiff alleges that the Shecter defendants have operated the business in violation of Keego Harbor zoning ordinances. In addition, plaintiff alleges that the Shecter defendants are violating a 2004 consent judgment entered into between them and Keego Harbor in Oakland County Circuit Court. The complaint makes the following claims:

    Count I     Violation of 42 U.S.C. § 1983 by the City of Keego Harbor

    Count II    Violation of 42 U.S.C. § 1985(3) by all defendants

Count III   Violation of 42 U.S.C. § 1986 by all defendants[1]

Now before the Court are two motions. First, the Shecter defendants filed a motion to dismiss (Doc. 10). Second, after oral argument, plaintiff filed a motion to voluntarily dismiss, without prejudice, the claims against the Shecter defendants (Doc. 23).

## II.

The Court CONDITIONALLY GRANTS plaintiff's motion subject to payment of attorneys' fees. The Court defers a decision on the Shecter defendants' motion to dismiss.

## III.

Under Fed. R. Civ. P. 41(a)(2), a district court may dismiss an action at the plaintiff's request, without prejudice, "on terms that the court considers proper." Courts have discretion when dismissing an action under Fed. R. Civ. P. 41(a)(2) to require a plaintiff to pay attorneys' fees and costs attributable to defending the action. *Bell-Coker v. City of Lansing*, No. 1:07-cv-812, 2009 WL 80291, at *3 (W.D. Mich. Jan. 9, 2009) (citation omitted). "The court also has discretion, however, to fashion a less harsh remedy that still adequately protects the rights and interests of the defendant." *Id.* (citation omitted).

## IV.

This action was recently filed on June 7, 2013. It is still in its preliminary stages. Given the little time that has passed, it is appropriate to allow plaintiff to voluntarily dismiss her claims against the Shecter defendants.

---

[1] The complaint also made claims of malicious prosecution, improper regulatory taking, and nuisance. The Court declined to exercise subject-matter jurisdiction over the state law claims. Therefore, these counts were dismissed. *See* (Doc. 19).

However, the Shecter defendants expended resources in filing the motion to dismiss. Therefore, dismissal of plaintiff's claims against the Shecter defendants is conditioned on payment of the attorneys' fees incurred in defending against plaintiff's claims.

**V.**

The Shecter defendants shall file proof of their attorneys' fees by **Monday, October 28, 2013.** Plaintiff shall file a response by **Monday, November 4, 2013.** If the plaintiff agrees to pay the attorneys' fees subject to the amount to be determined by the Court, plaintiff's motion will be granted and the Shecter defendants' motion to dismiss will be dismissed as moot.

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: October 24, 2013
Detroit, MI

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 24, 2013, by electronic and/or ordinary mail.

    S/Sakne Chami
Case Manager, (313) 234-5160

3