UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ELISSA FAY SMITH,

      Plaintiff,

vs.                                                                         Case No. 13-12503

HOLLY HILLS DEVELOPMENT, LLC,                         HON. AVERN COHN
SHECTER LANDSCAPING, INC.,
KENNETH J. SHECTER, and CITY OF
KEEGO HARBOR,

      Defendants.

_____/

**MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION
FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE (Doc. 23)
AND AWARDING ATTORNEYS' FEES TO DEFENDANTS AND
<u>DISMISSING AS MOOT DEFENDANTS' MOTION TO DISMISS (Doc. 10)</u>**

**I.**

      This is a deprivation of rights case. Plaintiff owns residential property in the city of Keego Harbor. Her property adjoins a landscaping development business owned by Holly Hills Development, Shecter Landscaping, Inc. and Kenneth Shecter (the Shecter defendants). Plaintiff alleges that the Shecter defendants have operated the business in violation of Keego Harbor zoning ordinances. In addition, plaintiff alleges that the Shecter defendants are violating a 2004 consent judgment entered into between them and Keego Harbor in Oakland County Circuit Court. The complaint makes the following claims:

Count I        Violation of 42 U.S.C. § 1983 by the City of Keego Harbor

Count II      Violation of 42 U.S.C. § 1985(3) by all defendants

Count III        Violation of 42 U.S.C. § 1986 by all defendants[1]

The Shecter defendants filed a motion to dismiss (Doc. 10).

Subsequently, after oral argument, plaintiff filed a motion to voluntarily dismiss, without prejudice, the claims against the Shecter defendants (Doc. 23).

The Court conditionally granted plaintiff's motion subject to a determination of appropriate attorneys' fees (Doc. 25).

**II.**

Plaintiff's motion for voluntary dismissal is GRANTED.  The Court determines that the appropriate amount of attorneys' fees is $5,000.

The Shecter defendants' motion to dismiss is DISMISSED AS MOOT.  This case is dismissed WITHOUT PREJUDICE against the Shecter defendants.

The case will proceed against Keego Harbor, only.

An explanation of the Court's rationale follows.

**III.**

As the Court explained in its prior order, Fed. R. Civ. P. 41(a)(2) provides that a district court may dismiss an action at the plaintiff's request, without prejudice, "on terms that the court considers proper."  Courts have discretion when dismissing an action under Fed. R. Civ. P. 41(a)(2) to require a plaintiff to pay attorneys' fees and costs attributable to defending the action.  *Bell-Coker v. City of Lansing*, No. 1:07-cv-812, 2009 WL 80291, at *3 (W.D. Mich. Jan. 9, 2009) (citation omitted).  Essentially, "[a] Rule 41(a)(2) dismissal

---

[1] The complaint also made claims of malicious prosecution, improper regulatory taking, and nuisance.  The Court declined to exercise subject-matter jurisdiction over the state law claims.  Therefore, these counts were dismissed.  *See* (Doc. 19).

2

may be conditioned on whatever terms the district court deems necessary to offset the prejudice the defendant may suffer from a dismissal without prejudice." *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) (citations omitted).

Here, considering the Shecter defendants' detailed billing statement (Doc. 26), plaintiff's objection (Doc. 27), and the record as a whole, $5,000 is a sufficient amount of attorneys' fees to be awarded to the Shecter defendants. This amount adequately restores the Shecter defendants to the position they would have been in had plaintiff voluntarily dismissed the case prior to the Shecter defendants briefing and arguing their own motion to dismiss. It also takes into account that the legal work performed on behalf of the Shecter defendants has not been wasted. Much of the legal research and analysis can be reused when plaintiff refiles this case in state court.

## IV.

For the reasons stated above, plaintiff's motion to dismiss was granted, the Shecter defendants' motion to dismiss was dismissed as moot, and attorneys' fees were awarded to the Shecter defendants in the amount of $5,000. The case proceeds against Keego Harbor.

SO ORDERED.

 s/Avern Cohn
UNITED STATES DISTRICT JUDGE

Dated: November 8, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 8, 2013, by electronic and/or ordinary mail.

 S/Carol Bethel for Sakne Chami
Case Manager, (313) 234-5160

3