UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELISSA FAY SMITH,

    Plaintiff,

vs.                                                               Case No. 13-12503

CITY OF KEEGO HARBOR,                       HON. AVERN COHN

    Defendant.

_____/

## MEMORANDUM AND ORDER GRANTING
## DEFENDANT'S MOTION TO DISMISS (Doc. 31)
## AND DISMISSING CASE

### I. INTRODUCTION

This is a deprivation of rights case. Elissa Fay Smith (Smith) owns residential property in the City of Keego Harbor. Her property adjoins a landscaping business owned by Holly Hills Development, LLC, Shecter Landscaping, Inc., and Kenneth Shecter (the Shecter Defendants). In an Order dated November 11, 2013, the Court granted Smith's voluntary dismissal as to her claims against the Shecter Defendants (Doc. 28). The only remaining claim is Count I against the City of Keego Harbor (the City), claiming deprivation of Smith's rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment, in violation of 42 U.S.C. § 1983.

Now before the Court is the City's Motion to Dismiss and for Judgment on the Pleadings (Doc. 31)[1]. For the following reasons, the City's motion is GRANTED.

---

[1] In addition, Smith filed a Motion to Compel (Doc. 37), arguing that the City has not adequately responded to Smith's Interrogatories and Requests for Production of

1

## II. BACKGROUND

Because the Court addresses Smith's claims in response to the City's Motion to Dismiss, the facts alleged in the Complaint (Doc. 1) are accepted as true and are summarized below.

### A. Factual History

Until recently, Smith owned and resided at 2250 Maddy Lane in Keego Harbor, Michigan, which she initially purchased in 1998. The area in which Smith resided is zoned as "R-2," designating it as a single-family residential property. The rear of Smith's property abutted two parcels on Beechmont Street, consisting of Lots 11 and 19. In 1980, the then-property owners of the Beechmont property obtained from the City a use variance for Lot 11 only. When Smith purchased her home in 1998, the then-property owners used the Beechmont property as a nursery/tree farm with minimal noise and/or pollution.

The Shecter Defendants subsequently purchased the Beechmont property and sought to obtain a waiver from the Zoning Board of Appeals with regard to Lot 19. After the Shecter Defendants took over the property, Smith claims that they dramatically changed the nature and use of the property as the nursery/tree farm expanded into a full–scale landscaping business. This use failed to conform with the Keego Harbor zoning ordinance in a number of ways, including the placement of storage bins, asphalt pavement, a temporary building, and piles of fill dirt at the north end of the property; in addition, the Shecters failed to submit and obtain approval of landscaping and site plans.

In 2002, the City filed a lawsuit in the Oakland County Circuit Court against Holly

---

Documents pursuant to Fed. R. Civ. P. 33 and 34. Because the case is dismissed by this order, the Court does not address Smith's Motion to Compel.

Hills Development and Michael and Ken Shecter regarding these violations. On December 14, 2004, the Oakland County Circuit Court entered a Consent Judgement against the defendants, which restricted the Shecters in their use of the property and required them to conform to the City's zoning ordinance. However, the Consent Judgment was, by its own terms, "subject to the City of Keego Harbor City Council approving these terms and conditions and the parties approving the Consent Judgment and Mutual Releases." (Doc. 34-3 at 4) Smith notes that there is no record that the City Council ever approved the Consent Judgment, or that mutual releases were ever finalized. According to Smith, the City allowed the Shecters to remain out of compliance for several years thereafter.

In 2012, when the Shecters closed another location in Commerce Township, the Keego Harbor location experienced a significant increase in business operations. Smith says that this resulted in increased truck traffic, as well as ensuing noise, dust, and diesel fumes from the expanded use of the property. Smith submitted numerous written and verbal complaints to the City and to the Police Department and attended monthly City Council meetings to raise her concerns. In addition, Smith submitted a petition to stop the Shecters' offensive use of their property, signed by thirty-eight of her neighbors, and a document detailing problems with dust/air quality; diesel fumes; failure to maintain a required green belt and berm; blight from dead trees and excessive weed growth; improper storage of trucks and equipment, and a general "junkyard appearance"; speeding along the roadway to the facility; unmonitored use of pesticides; environmental hazards from dumping of chemicals, oil, and diesel fuels into a ditch; and declining property values. Smith says that, despite these numerous problems and complaints, the City repeatedly failed and/or refused to enforce the zoning ordinance or the Consent Judgment against the Shecters.

3

## B. Procedural History

Smith brought suit against the City and the Shecter Defendants in June 2013. The original Complaint alleged causes of action under state and federal law in six counts against all of the Defendants. (Doc. 1) On August 2, 2013, the Court declined to exercise its supplemental or pendent jurisdiction over Smith's claims under Michigan law and dismissed Counts IV, V and VI of the Complaint.[2] (Doc. 19) Thereafter, Smith and the City of Keego Harbor stipulated to dismiss Counts II and III of the Complaint, and the Court entered an Order of Partial Dismissal (Doc. 22) in September 2013. The Court further dismissed, on Smith's motion for voluntary dismissal, claims against the Shecter Defendants (Doc. 28) in November 2013. Currently, the only remaining is Count I against the City of Keego Harbor.

In essence, Smith claims the City repeatedly failed to enforce its zoning ordinance and Consent Judgment against the Shecters, causing a violation of Smith's rights. She says that the City, "through its actions, deprived [her] of federally protected rights, privileges, and immunities provided by federal law and the United States Constitution" in violation of 42 U.S.C. § 1983. Substantively, Smith claims the denial of her rights under the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment. She seeks money damages, costs, and attorney's fees. In addition, she requests that the Court permanently and temporarily enjoin the City from denying her due process and equal

---

[2] These claims, Counts IV, V, and VI were for (1) malicious prosecution, related to the City's institution of criminal proceedings against Smith for "false report of crime," (2) improper regulatory taking, by condoning and sanctioning the actions of the Shecter Defendants, and (3) nuisance by the Shecter Defendants, respectively.

protection rights.

### III. Standard of Review

A 12(b)(1) motion seeks dismissal for a court's lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A motion to dismiss for lack of subject matter jurisdiction may be based on either a facial attack or a factual attack on the allegations of the complaint. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack is a challenge to the sufficiency of the pleading itself. *Id.* If subject matter jurisdiction is facially attacked, the court must take all material allegations in the complaint as true and construe them in a light most favorable to the nonmoving party. *U.S. v. A.D. Roe. Co.*, 186 F.3d 717, 721-22 (6th Cir. 1999). If, however, there is a challenge to the factual existence of subject matter jurisdiction, the court is "empowered to weigh the evidence and no presumptions apply as to the truthfulness of the relator's allegations." *Id.*

A challenge to a party's standing to bring suit is a challenge to the Court's jurisdiction. *In re Carter*, 553 F.3d 979, 984 (6th Cir. 2009). Article III of the United States Constitution requires that a party allege an injury in fact to have standing to bring suit in federal court. *Davis v. Fed. Election Comm'n*, 128 S.Ct. 2759, 2768 (2008); *In re Carter*, 553 F.3d at 984. The "irreducible constitutional minimum" for standing has three elements: an injury in fact, a causal connection between the injury and the conduct complained of, and a likelihood beyond speculation that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

### IV. DISCUSSION

The City raises four primary arguments in favor of dismissal: (1) that Smith does not have standing to enforce the Consent Judgment against the Shecters, or to compel the City

5

to enforce its zoning ordinance; (2) that Smith's claims are not ripe for adjudication because she has not received a final decision from the City; (3) that Smith has no constitutionally protected property interest in the City's actions with respect to the Shecters; and (4) that Smith fails to state a claim under the Fourth and Fourteenth Amendments or under 42 U.S.C. § 1983. Because the City's argument on standing is persuasive, the Court will not discuss the City's remaining arguments.

### A. The Consent Judgment

First, the City argues that Smith lacks standing to enforce the Consent Judgment against the Shecter Defendants. The City is correct in noting that courts in this circuit have long recognized that a party lacks standing to enforce the terms of a consent judgment to which he/she is not a party:

> The Supreme Court held in *Blue Chip Stamps v. Manor Drug Stores* that "a well-settled line of authority . . . establishes that a consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefited [sic] by it." *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975). Following *Blue Chip Stamps*, we have held that third parties, even intended third-party beneficiaries, lack standing to enforce their interpretations of agreed judgments. "A consent decree 'is not enforceable ... by those who are not parties to it....' It 'may be challenged only on the ground that its substantive provisions unlawfully infringe upon the rights of the complainant.' " *Vogel v. City of Cincinnati*, 959 F.2d 594, 598 (6th Cir. 1992) (citations omitted).

*Sanders v. Republic Servs. of Kentucky, LLC*, 113 F. App'x 648, 650 (6th Cir. 2004). Further, this applies even if the non-party is an intended beneficiary of the consent decree. *Aiken v. City of Memphis*, 37 F.3d 1155, 1168 (6th Cir. 1994) ("[E]ven intended third-party beneficiaries of a consent decree lack standing to enforce its terms.").

In response, Smith says that because there is no evidence the City ever approved

6

the Consent Judgment in the first place, the Consent Judgment is itself of questionable validity. In the alternative, Smith says that if the Consent Judgment is valid, the City has allowed the Shecters to remain out of compliance for several years. However, these arguments are beside the point. Even assuming the Consent Judgement is valid as between the City and the Shecters, Smith lacks standing to enforce it.

Therefore, to the extent Smith bases her claim on the City's failure to require the Shecters to comply with the Consent Judgement, her claim must fail for lack of standing.

### B. The City's Failure to Enforce the Zoning Ordinance

Next, the City argues that Smith lacks standing to require the City to enforce the zoning ordinance against the Shecters.

The City correctly notes that public rights actions, such as the enforcement of zoning ordinances "must be brought by public officials vested with such responsibility." *Comstock v. Wheelock*, 63 Mich. App. 195, 202 (1975); *see also Gyarmati v. Bielfield*, 245 Mich. App. 602, 605 (2001) (holding that the plaintiff could not seek enforcement of a property use ordinance because "[i]t is the township, not plaintiffs, that has standing to enforce the ordinance"). Further, the decision whether to enforce a municipal zoning ordinance is a discretionary activity, and there is no cognizable legal right to compel a municipal entity to enforce a discretionary zoning ordinance. *Randall v. Delta Charter Twp.*, 121 Mich. App. 26, 35 (1982) (noting that an action to compel enforcement of a zoning ordinance is properly characterized as a mandamus action, for which the plaintiff could assert no cognizable legal right).

In addition, as in *Randall*, the City "cannot directly abate the condition" on the Shecters' property because "it has no interest in or right of control over the property." *Id.*

7

Smith is permitted to—and in fact did—bring her own state law action to abate the nuisance.[3] Thus, the City's failure to enforce the ordinance therefore cannot be considered the cause of Smith's claimed injuries. *See Muckway v. Craft*, 789 F.2d 517, 521 (7th Cir. 1986) (holding that the county's failure to enforce a zoning ordinance "cannot be considered of itself as the cause of the plaintiffs' alleged injury . . . in light of the fact that the private party could have instituted the action").

Here, the essence of Count I is that the City repeatedly failed to enforce its zoning ordinance against the Shecters, causing a violation of Smith's constitutional rights. To the extent Smith bases her claim on this failure, her claim does not demonstrate sufficient causation or a redressable injury and therefore fails for lack of standing.

## V. CONCLUSION

Because Smith lacks standing to enforce either the Consent Judgment or the zoning ordinance, the Court lacks subject matter jurisdiction under Article III. The City's motion to dismiss has therefore been granted. This case is DISMISSED.

SO ORDERED.

                                        S/Avern Cohn
                                        AVERN COHN
                                        UNITED STATES DISTRICT JUDGE

Dated: November 21, 2014

---

[3] As noted, on August 2, 2013 the Court declined to exercise its supplemental or pendent jurisdiction over Smith's nuisance claim under Michigan law. (Doc. 19)

       13-12503 Elissa Fay Smith v. City of Keego Harbor

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 21, 2014, by electronic and/or ordinary mail.

       S/Sakne Chami
       Case Manager, (313) 234-5160